IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-06-CR-0111-O |
| | § | NO. 3-09-CV-0648-O |
| WILLIS MAURICE IRVING | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Willis Maurice Irving, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied in part and dismissed in part.

I.

A federal jury convicted defendant of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Punishment was assessed at 120 months confinement followed by supervised release for a period of two years. His conviction and sentence were affirmed on direct appeal. *United States v. Irving*, 265 Fed.Appx. 306, 2008 WL 397633 (5th Cir.), *cert. denied*, 128 S.Ct. 2489 (2008). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

Although the precise nature of his claim is difficult to decipher, defendant appears to challenge his conviction on the ground that federal authorities interfered with an ongoing state criminal proceeding by "prematurely" taking him into custody and prosecuting him on the federal

gun charge before the conclusion of the state criminal case. Defendant also criticizes his attorney for failing to seek a dismissal of the federal indictment.

A.

In November 2005, defendant was arrested by Texas authorities on state charges of aggravated assault, possession of cocaine and marijuana, and unlawful possession of a firearm. (*See* Def. Mem. Br. at 7-8; Mag. J. Interrog. #3). Five months later, on April 4, 2006, a federal grand jury indicted defendant on a single count of unlawful possession of a firearm by a convicted felon. On May 5, 2006, the presiding judge in the federal criminal case issued a writ of habeas corpus *ad prosequendum* to secure defendant's appearance on the federal gun charge. Defendant remained in the custody of the United States marshal until the federal case was concluded, at which time defendant was returned to state custody. On or about November 13, 2006, defendant was convicted on the state criminal charges and sentenced to two years confinement. (*See* Mag. J. Interrog. #3). When defendant discharged his state sentence, he was transferred to federal custody to begin serving his 120-month sentence on the federal gun conviction.

Defendant now contends that his federal conviction should be vacated because "the government took custody and brought charges against [him] . . . before the state could complete its on-going criminal court proceedings." (Def. Mem. Br. at 16). As authority for this novel argument, defendant relies on Article IV of the Interstate Agreement on Detainers Act ("IAD"), which establishes procedures for the resolution of outstanding charges brought by one jurisdiction against a prisoner held in another jurisdiction. *See* 18 U.S.C. App. 2, § 2, *et seq.* However, the IAD applies only to prisoners who are serving a sentence of imprisonment and not to pretrial detainees. *See, e.g. United States v. Muniz*, 1 F.3d 1018, 1026 (10th Cir.), *cert. denied*, 114 S.Ct. 575 (1993) (provisions of the IAD do not apply to pretrial detainees); *United States v. Muhammad*, 948 F.2d 1449, 1453 (6th

Cir. 1991), *cert. denied*, 112 S.Ct. 1239 (1992) (IAD does not apply to persons imprisoned awaiting disposition of pending charges and who have not been sentenced to a term of imprisonment); *United States v. Hart*, 933 F.2d 80, 84 (1st Cir. 1991) (under the plain language of the statute, the IAD does not apply to pretrial detainees); *United States v. Reed*, 620 F.2d 709, 711 (9th Cir.), *cert. denied*, 101 S.Ct. 229 (1980) (IAD does not apply to prisoners awaiting trial on federal and state charges); *Buford v. United States*, No. 3-05-CV-352, 2006 WL 3375375 at *2 (E.D. Tenn. Nov. 21, 2006), *quoting Jenkins v. United States*, 394 F.3d 407, 413 (6th Cir. 2005) (IAD is not triggered in the case of a prisoner who has not yet entered into a term of imprisonment). At the time federal authorities took defendant into custody pursuant to a writ of habeas corpus *ad prosequendum*, he had not yet been convicted or sentenced on the state charges. Therefore, the IAD does not apply. This ground for relief should be overruled.

B.

Defendant also criticizes his attorney for failing to seek a dismissal of the federal indictment. Because the IAD does not apply to defendant, counsel was not ineffective for refusing to file a motion to dismiss on that ground. To the extent defendant believes that the Texas courts had exclusive jurisdiction over the gun charge, that claim also is without merit. Long ago, the Supreme Court of the United States held:

> One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it.

*Ponzi v. Fessenden*, 258 U.S. 254, 260, 42 S.Ct. 309, 310, 66 L.Ed.607 (1922) (internal citations omitted). As another court explained, "[t]he exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner." *Derengowski v. United States Marshal*, 377 F.2d 223, 224 (8th Cir.), *cert. denied*, 88 S.Ct. 144 (1967); *see also United States v. Horton*, 107 F.3d 868 (Table), 1997 WL 76063 at *3 (4th Cir. Feb. 24, 1997) (reciting "well-established" rule that prisoner lacks standing to challenge transfers between two sovereigns or to contest the operation of a writ of habeas corpus *ad prosequendum*). Defendant essentially faults his attorney for failing to investigate a jurisdictional issue that is not subject to attack under the law. Such a claim is patently frivolous and should be summarily overruled.

C.

In the alternative, defendant seeks credit on his 120-month federal sentence for the two years he spent in state custody. A federal prisoner who seeks credit for time served prior to the date of his federal sentence must do so in an application for writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988), *citing United States v. Brown*, 753 F.2d 455 (5th Cir. 1985). However, this court lacks habeas jurisdiction because defendant is not confined in the Northern District of Texas. *See United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (federal prisoner must seek habeas relief from a court in the district and division where he is in custody or his custodian is located). Consequently, defendant's sentence credit claim should be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

It plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to post-conviction relief. Accordingly, defendant's motion to correct,

vacate, or set aside his sentence should be summarily denied. Defendants' request for credit on his federal sentence for time spent in state custody should be summarily dismissed without prejudice for lack of jurisdiction. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE